958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mason HARRIS, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF REHABILITATION/CORRECTION; William
Dallman, Warden; K. Nurray, Sgt., Defendants-Appellees.
 No. 91-3920.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1992.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Additionally, Harris requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mason Harris, an inmate incarcerated at the Lebanon Correctional Institution (LCI), filed his complaint alleging that the Ohio Department of Rehabilitation and Correction, the Warden of LCI, and an officer at LCI, violated various rights guaranteed by the United States Constitution. Specifically, Harris alleged: 1) that the atmosphere at LCI is tense due to disrespect and profane language towards inmates; 2) that he was forced to submit to a strip search as part of an investigation for stolen food; 3) that the LCI law library does not permit inmates to check out law books and limits the number of notary public copies provided to inmates; 4) that he has been locked in his cell with an inmate who is being punished for an infraction of the rules; 5) that when assigned to Institutional Investigation, Security Control, Disciplinary Control, or Local Control, he is required to wear a restraint belt during visits with friends or family; 6) that Officers Barr and Curtis have been assigned to the Rules Infraction Board for more than six months in violation of LCI policy; 7) that he was not permitted to resolve a dispute with another inmate through the Captain's office; and 8) that he was not permitted to call certain witnesses at a hearing in front of the Rules Infraction Board. Harris sought injunctive and monetary relief. Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted defendants' motion in an order dated August 27, 1991.
 
 
 4
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Harris can prove no set of facts which would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 First, although isolated verbal harassment, assuming it occurred, is reprehensible and falls below the standards of professional conduct, such remarks do not approach a violation of the Eighth Amendment and are not cognizable under section 1983. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (per curiam). Accordingly, as Harris can maintain no federal claim against the LCI personnel for verbal harassment towards him, dismissal of this claim was proper.
 
 
 6
 Second, the strip search was not unreasonable in light of the state's compelling interest in pursuing its theft investigation. See Bell v. Wolfish, 441 U.S. 520, 559 (1979).
 
 
 7
 Third, Harris has alleged no prejudice as a result of the prison law library's check-out policy, and as such may not maintain an action for denial of access to the courts. See Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Furthermore, the determination of the reasonable number of notary public copies to be provided was a matter committed to the discretion of prison officials. Wolfish, 441 U.S. at 547.
 
 
 8
 Fourth, a criminal conviction authorizes the state to confine a prisoner within any of its institutions; the prisoner has no constitutional right to contest that placement. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Moreover, the Constitution does not protect the right of an inmate to designate his own cellmate. The defendants' selection of who should be housed with Harris was a matter committed to their discretion. Wolfish, 441 U.S. at 547.
 
 
 9
 Fifth, physical restraints are constitutionally permissible where, as here, penological justifications exists. See Jackson v. Cain, 864 F.2d 1235, 1243-44 (5th Cir.1989).
 
 
 10
 Sixth, an inmate has no constitutional right to the periodic reassignment of corrections officers. The assignment of institutional personnel to various jobs is clearly within the discretion of those charged with operating penal facilities. Wolfish, 441 U.S. at 547.
 
 
 11
 Seventh, neither the Constitution nor state regulation guarantees an inmate the right to resolve personal prisoner disputes through the Captain's office. Cf. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-63 (1989).
 
 
 12
 Finally, Harris admitted in his pleadings that he withdrew his request to call Holloway at the hearing. Thus, as to this witness, Harris cannot now claim that he was denied Holloway's testimony. The disciplinary committee refused to call the other witnesses because of their lack of personal knowledge concerning the case. The disciplinary committee exercised its discretion appropriately to restrain the inquiry within reasonable bounds. See Ponte v. Real, 471 U.S. 491, 495-99 (1985).
 
 
 13
 Accordingly, the request for counsel is denied and the district court's order affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation